The People, &c., agt. Stanley and Stewart.

———————

## SUPREME COURT.

THE PEOPLE, &c., on the complaint of JOB ROBERTS, agt. FRANCES STANLEY and SARAH STEWART.

Upon application by *habeas corpus* and *certiorari* for the discharge of a defendant from arrest, the court must determine the case *upon the testimony taken before the committing magistrate,* and if, upon *that testimony,* there is want of probable cause, it is the duty of the court to discharge the defendant. (*This seems to be adverse to the views expressed in People* agt. *Richardson, ante, p.* 92.)

*New - York, Special Term, December,* 1859.
HEARING on return to *habeas corpus* and *certiorari.*

CHARLES S. SPENCER, *for petitioners.*
MR. SEDGWICK *for the people.*

JAMES, Justice. This was an application for the discharge of Stanley and Stewart, upon *habeas corpus* and *certiorari.* The returns to the writs show that these prisoners were committed on a charge of grand larceny, by Justice Welsh, on the 29th of November last. The testimony on the examination was, that on that day the two prisoners were in the store of Roberts, 505 Canal-street; that they were seen standing together by one of the counters where black silks were sold; that afterwards Miss Stanley moved to another counter, about 15 feet distant, where plain silks were sold, leaving Mrs. Stewart at the first counter, pricing goods of a clerk; that Miss Stanley, while at the counter of plain silks, was observed to lean over the silks in a manner that excited suspicion, and an officer was sent for; that, before the officer's arrival, Miss Stanley passed towards the front of the store, and finally out into the street; that Mrs. Stewart at the same time passed to the rear of the store to look at goods with the clerk who was waiting upon her; that a police officer arrived about this time, arrested Miss Stanley, and also Mrs. Stewart. On searching their persons, three pieces of silk were found secreted under the clothing of Miss Stanley, which Roberts recognized as having been stolen from him. Nothing was found upon Mrs. Stewart. Upon this evidence both prisoners were committed for want of bail of $1,000 each.

It is clear, so far as Miss Stanley is concerned, that the commitment was right, and fully warranted by the testimony, and the motion for her discharge must be denied, and she remanded to prison.

Upon this application, the court must determine the case upon the testimony taken before the committing magistrate, and if, upon that testimony, there is want of probable cause, it is the duty of this court to discharge the prisoner.

In Mrs. Stewart's case there is an entire want of testimony to connect her in any way with the larceny, or to show any

complicity, or even an acquaintance with the other prisoner. It does not appear that they entered the store together, or that they even spoke together, or recognized each other as acquaintances. It may be that the prisoners were accomplices; but, if so, the proof entirely failed to show it. For aught that appeared from the proof, the prisoner Stewart may have been wholly and entirely ignorant of the character and acts of the other.

In my judgment, there was no sufficient ground shown for her arrest and detention, and therefore she must be discharged.

Let an order be entered in accordance with these views.