## *In re* A. SNELL.

September 19, 1883.

**Habeas Corpus—Jurisdiction of Supreme Court—Certiorari as Ancillary to Writ.**—The supreme court of this state has original jurisdiction of the writ of *habeas corpus*. A prisoner bound over and committed by a justice of the peace, who sues out a writ of *habeas corpus* from this court, may have a *certiorari* as ancillary thereto, to bring up the testimony received by the justice and by him returned to the district court and there filed.

**Same — Decision refusing Discharge — Subsequent Application to another Court.**—A decision of one court or officer upon a writ of *habeas corpus*, refusing to discharge a prisoner, is not a bar to the issue of another writ, based upon the same state of facts as the former writ, by another court or officer, or to a hearing or discharge thereupon.

**Same—Examination of Evidence on which Prisoner was held by Justice of Peace.**—The evidence upon which a prisoner is bound over and committed by a justice of the peace may be examined by the court or officer before which or whom such prisoner is brought up on *habeas corpus*, for the purpose—*First*, of determining whether it fairly and reasonably tends to show the commission of the offence charged; *second*, whether it fairly and reasonably tends to make out probable cause for charging the prisoner with its commission. But the judgment of the committing magistrate should not be rejudged by an inquiry into the weight of the evidence, further than is necessary to determine these two propositions.

*Habeas corpus* with *certiorari*.

*Marsh & Searles* and *J. C. McClure*, for petitioner.

*F. M. Wilson*, for respondent.

BERRY, J. On examination before a justice of the peace upon a charge of larceny from the person, the petitioner was ordered to recognize in the sum of $3,000, for his appearance at the next general term of the district court of Goodhue county, and, upon failure so to do, was committed to jail. The testimony of the witnesses upon the examination was reduced to writing, and returned to and filed in the district court, pursuant to Gen. St. 1878, *c.* 106, §§ 15, 25. Afterwards, upon a *habeas corpus*, he was brought before one of the district

judges for Goodhue county, for the purpose of being discharged, or, if not discharged, for a reduction of his bail. Both the discharge and reduction were refused, and the petitioner remanded. With reference to the application for a discharge, the district court refused to examine the testimony returned by the justice further than to ascertain if it furnished what the judge styles "colorable authority" for the commitment.

The petitioner thereupon procured from one of the judges of this court a writ of *habeas corpus* and also a writ of *certiorari*, the latter directed to the district court. Upon a hearing before this court both writs were sustained, against a motion to quash. The *certiorari* was sustained, not as an appellate proceeding to review the action of the district court. For that purpose it would be inadmissible, such review being properly, and therefore exclusively, attainable by appeal. *State* v. *Buckham*, 29 Minn. 462. But it was sustained as a proper means for bringing before this court the testimony received by the justice, and by him returned to the district court, and there filed in pursuance of the statute. In other words, the writ of *certiorari* was properly issued as ancillary to the writ of *habeas corpus* issued from this court in the exercise, not of an appellate, but of an original and constitutional jurisdiction. Hurd on Habeas Corpus, 353–355, and notes. See, also, with reference to the propriety of issuing the writ of *certiorari* as ancillary to the writ of *habeas corpus*, *Ex parte Burford*, 3 Cranch, 448; *Ex parte Bollman*, 4 Cranch, 75; *Ex parte Yerger*, 8 Wall. 85; *In re Stupp*, 12 Blatchf. 501.

The state moved to quash the writ of *habeas corpus* issued out of this court, upon several grounds. It will not be necessary to take these all up in detail. Many of them may be properly disposed of upon general and common considerations.

That this court has jurisdiction of the writ of *habeas corpus* is conclusively settled by section 2, article 6, of the constitution of this state, and Gen. St. 1878, c. 80, § 23.

The fact (appearing in his petition) that the petitioner had once been brought before the district court upon *habeas corpus*, and upon a hearing remanded, as before stated, is not a bar to the present proceeding.

Upon the general question involved in this proposition, there is some difference of opinion among courts and text-writers. But research and reflection have brought us to the conclusion that the sound rule, and that supported by a great weight of long-standing authority, is that the decision upon *habeas corpus* of one court or officer refusing to discharge a petitioner is not a bar to the issue of another writ, upon such petitioner's application, upon the same state of facts as at first, to another court or officer, and to a hearing or a discharge thereupon. We cite a few leading authorities: A decision under one writ of *habeas corpus*, refusing to discharge a prisoner, does not bar the issuing of a second writ by another court or officer. *People* v. *Brady,* 56 N. Y. 182, 192. This would appear to overrule the intimations of earlier New York authorities. A decision under the writ of *habeas corpus*, refusing the discharge of a prisoner, is no bar to the issuing of any number of other successive writs by any court or magistrate having jurisdiction. *Ex parte Kaine*, 3 Blatchf. 1, 5, per Nelson, J. "I feel no difficulty in delivering the opinion which I entertain, because the prisoner will not be concluded by it, but may, if he be dissatisfied, apply to the other courts of Westminster Hall." *King* v. *Suddis*, 1 East, 306, 314, per Lord Kenyon. "This case has already been before the Queen's Bench on the return of a *habeas corpus*, and before my Lord Chief Baron, at chambers, on a subsequent application for a similar writ. In both instances the discharge was refused. The defendant, however, has a right to the opinion of every court as to the propriety of his imprisonment." *Ex parte Partington*, 13 M. & W. 679, 682, per Parke, B.

In some courts there appears to be a disposition to make the right to a second writ a question of *expediency* for the court to determine. This occurs to us to be a dangerous notion. The "writ of liberty" is a writ of right. When we consider its origin, its history, and its purposes, the transcendent necessity of its issuance, dependent upon the right of the petitioner and not upon the discretion of anybody, is incontestable.

It may be urged that to allow the issue of successive writs will be intolerable and oppressive to the courts and to the public law-officers. To this there are several answers: *First.* Business of this kind is

ordinarily controlled and conducted by an honorable profession. *Second.* Experience is to the contrary. We may rest with comfortable assurance upon the fact that, after many years' trial in this country and centuries of trial in England, the right to successive writs has not been found to work any serious practical inconvenience. See remarks of Allen, J., *People* v. *Liscomb,* 60 N. Y. 559, 567, at bottom. *Third.* If the inconvenience were great, the citizen's right to liberty is greater.

This brings us to the only remaining question presented in this case which we deem it necessary to consider: Where, upon an examination before a justice of the peace, a person ordered to recognize for his appearance at the district court is committed to jail for want of bail, how far is it competent for the court or officer, before which or whom such person is brought upon a *habeas corpus,* to examine the evidence returned by the justice to the district court? This is another matter upon which there is, perhaps, a diversity of opinion in courts and text-books. But the rule which commends itself to our judgment as sensible and just is that the evidence may be looked into for the purpose (1) of determining whether it fairly and reasonably tends to show the commission of the offence charged; and (2) whether it fairly and reasonably tends to make out probable cause for charging the prisoner with its commission.

It appears to us that this rule will not only work well in practice, promote justice, and accomplish the legitimate purposes of the writ of *habeas corpus,* but that it is also the rule contemplated by our statute; for—*First,* it is observable that our statute does not forbid an inquiry into the grounds of a commitment upon an examination, as it does into the grounds of a final judgment, decree, commitment for contempt, etc. See Gen. St. 1878, c. 80, §§ 22, 25, 36, 37, 38. *Second.* Section 46 of chapter 80 expressly recognizes the right of discharge (upon *habeas corpus*) from such commitment for "defect of proof," and section 39 appears to look in the same direction.

We think the examination of the evidence should not go further than we have indicated. The judgment of the committing magistrate should not be rejudged by an inquiry into the *weight* of the evidence further than is necessary to determine the two propositions which the rule suggests. *People* v. *Stanley,* 18 How. Pr. 179; *In re Stupp,* 12

v.31—8

Blatchf. 501; *In re Fowler*, 4 Fed. Rep. 303; *In re Balcom*, 12 Neb. 316.

The motion to quash, in this case, having been denied, the evidence returned by the justice to the district court, and brought before us upon *certiorari*, was examined by us, and, being satisfied that it fairly and reasonably tended to show the commission of the offence, and to make out probable cause for charging the petitioner with its commission, we refuse to discharge him. We are also satisfied that there was no ground for reducing the bail.

GILFILLAN, C. J., *dissenting.* I think the writs should be quashed: the *habeas corpus*, because the relator was not entitled to it; and the *certiorari*, because, being only ancillary to and in aid of the *habeas corpus*, it must fall with it. Notwithstanding some *dicta* in England, and some decisions in America following them, I think, when a party has been heard on *habeas corpus*, the decision is, until reversed, *res adjudicata* upon his right to a discharge on the facts then existing. There may be a reason for the contrary rule when no review can be had; but there is none in this state, where the party may always have the decision of the court of last resort by appeal, where the writ is not heard in the first instance in this court, or by *certiorari* if no appeal is given. If the decision be not conclusive, then the party may, as often as it is against him, even though it be the solemn decision of this court, apply again and again, either to the same court or officer rendering it, or to any other court or officer having authority to issue the writ; and, upon each application, notwithstanding repeated decisions even by the same court or officer, the writ must issue.

In my opinion the statute does not contemplate such a condition of things.