STATE OF MINNESOTA *vs.* HENRY E. HAYDEN.

June 3, 1886.

**Habeas Corpus — Person Committed by Examining Magistrate.—**
Where a party charged with a criminal offence is held to bail after examination by a magistrate, he ought not to be discharged upon *habeas corpus,* if the magistrate had jurisdiction, and there is evidence reasonably tending to support his determination.

*Habeas corpus.* Appeal by the state from an order of the district court for Washington county, *McCluer,* J., presiding, discharging the defendant, who had been committed on a charge of embezzlement.

*Ira W. Castle,* for the State.

*Fayette Marsh,* for respondent.

VANDERBURGH, J. The defendant was held to bail by an examining magistrate to answer the criminal charge of embezzlement. He was discharged upon *habeas corpus* by one of the district judges of Washington county, on the ground that the record failed to disclose evidence sufficient to warrant the decision of the magistrate.

The court or judge is not, in such cases, to sit as a court of review, to determine the sufficiency of the evidence as respects the guilt or innocence of the accused, but to inquire whether the proceedings are without jurisdiction, or the determination of the magistrate unsupported by evidence. His judgment in the premises, upon the evidence, must stand, if there is evidence reasonably tending to support it. *In re Snell,* 31 Minn. 110, (16 N. W. Rep. 692.) Tested by this rule, we think the district court erred in discharging the defendant. Without undertaking to review the testimony at length, or expressing any opinion as to the weight of it, or the strength of the case made by the state, we think there is evidence fairly and reasonably tending to support the charge in the complaint. It is not disputed by the petitioner, and the district judge finds, that "the evidence introduced by the state tends to show that the petitioner, for a year prior to the 15th day of June, 1885, was the station agent at Stillwater for the Chicago, St. Paul, Minneapolis & Omaha Railway

Company; and that it was his duty, among other things, to collect the freight-bills due the company, and remit to the company at St. Paul, each day, the amount collected, less about $10 retained for change; to keep a cash-book upon which he should enter each day the various sums collected and remitted; and to make reports, at least monthly, of all freight-bills in his hands uncollected. That between May 5 and June 12, 1885, 20 different items of freight were paid to the petitioner by different parties for freight owing to said railway company; that all these payments, except two,—viz., $31.50, paid June 4th in U. S. gold coin, and $73.58, paid June 10th, in currency,—were made by checks of the different parties; that none of these various items were paid over or remitted to the railroad company, and no entry of their receipt was made upon the books kept by the petitioner; and bills upon which these payments were made, were, by the petitioner, represented as still uncollected. There is also evidence tending to show that on the 20th day of June, 1885, there was shortage in petitioner's accounts with the railroad company of $3,790.06." The evidence also tends to show that a shortage in his accounts had existed for several months, and had gradually increased to over $3,000, and had been concealed by defendant from the company in his reports, and was not shown by the books; and that the bills representing the amount had been in fact collected by him.

The state rests particularly on the proof in respect to the cash items above referred to. The defendant (petitioner) himself voluntarily testified as a witness, and had an opportunity to explain, and did attempt to explain, the shortage and discrepancies in his accounts. He admits receiving the two items in money,—$31.50 and $73.58,— and that he purposely omitted to make the entries thereof in the books. He does not claim that the money was lost, or that it was retained or not accounted for through any mere omission or mistake. The evidence we have referred to was material, and tended to prove an embezzlement or fraudulent conversion of these funds. The distinction must be observed between the offence and the evidence of it. There was the actual receipt of the money by the defendant, the false account rendered, the deceit practised by him upon the company, and the long-continued and undisputed practice of falsifying

the books, and omitting the proper entries, including the items in question. This was competent evidence, and such as has been frequently held sufficient to warrant the inference of a fraudulent conversion. *State* v. *Baumhager*, 28 Minn. 226, (9 N. W. Rep. 704;) Barb. Crim. Law, 153, 154; 2 Archb. Crim. Pr. *455.

We find no ground for discharging the defendant, and the order should therefore be reversed.