STATE ex rel. FRANK R. DELEVAN v. PHILIP C. JUSTUS.[1]

December 20, 1901.

Nos. 12,890—(210).

**Habeas Corpus—Failure to Support Family.**

> The relator was committed by the municipal court of St. Paul to jail, in default of bail, to await the action of the grand jury of the county of Ramsey upon a complaint under the provisions of Laws 1901, c. 316, charging him with wilfully omitting to support his wife. Upon a consideration of the evidence given against the relator on a preliminary hearing on the charge, *held*, that it conclusively appears that, if he is guilty of any crime, it was committed in the county of Hennepin; hence the municipal court of St. Paul was without jurisdiction in the premises.

Writ of habeas corpus issued from the supreme court, directed to respondent as sheriff of Ramsey county. Relator discharged from custody of respondent.

*H. V. Mercer*, for relator.

*T. R. Kane*, County Attorney, and *O. H. O'Neill*, Assistant County Attorney, for respondent.

START, C. J.

The relator was brought before the municipal court of the city of St. Paul, by a warrant issued by it, to answer to a complaint

[1] Reported in 88 N. W. 415.

made by his wife under the provisions of Laws 1901, c. 316, charging him with having, in the county of Ramsey, wilfully omitted to furnish her with food, clothing, and shelter. Such proceedings were had in such court that it adjudged that the offense charged in the complaint had been committed, and that there was probable cause to believe that the relator was guilty thereof; and, having failed to give bail as required by the court, he was committed to the jail of the county of Ramsey to await the action of the grand jury of that county in the premises. Thereupon he sued out a writ of habeas corpus, and by virtue thereof he was brought before this court. The return of the respondent was that he detained the relator by virtue of such commitment. The evidence taken by the municipal court upon which the commitment was based was, by stipulation of the parties, made a part of the record in the habeas corpus proceedings.

If the municipal court had jurisdiction, and the evidence reasonably tends to support its conclusion, the relator cannot be discharged upon habeas corpus. In re Snell, 31 Minn. 110, 16 N. W. 692; State v. Hayden, 35 Minn. 283, 28 N. W. 659. The relator, however, claims that the municipal court had no jurisdiction in the premises, for the reasons: (1) The evidence conclusively shows that, if the relator was guilty of any offense, it was committed in the county of Hennepin, and not in the county of Ramsey; (2) the act under which he was prosecuted is unconstitutional. Our conclusion upon the first proposition renders it unnecessary to consider the second one, and we assume, without so deciding, that the act is valid, and direct our attention to the evidence.

The undisputed evidence establishes these facts: The relator and complaining witness were married June 22, 1897, and he has ever since resided in the city of Minneapolis, where the parties lived as husband and wife until August 14, 1899, when the relator left the house where they were then living, and has never since lived with her. He, however, provided rooms for her in Minneapolis, and paid her $45 a month for the support of herself and their child until April, 1900, when, without his consent, she went to St. Paul, to her father's house, where she has since lived. The relator sent to her by mail, directed to her at Minneapolis, each

month thereafter, a check for $45, until July 1, 1900.  He has contributed nothing for her support since that date, and in August, 1900, she called upon him at Minneapolis, and inquired of him what his intentions were as to supporting her and their child.  He then and there refused to further support her, except upon conditions (not here material) which she declined to accept.  No other conclusion can be drawn from these facts, except that, if the relator committed any crime, it was in Hennepin county; hence the municipal court in the county of Ramsey had no jurisdiction of the offense.

It is, however, claimed by the state that the relator by his conduct drove his wife to the county of Ramsey, and that it was his duty to support her there, and, having failed to do so in that county, the crime was committed there.  The conclusion does not follow from the premises, conceding them to be true; for it was in the county of Hennepin, where he resided and actually was at the time, that he wilfully omitted and refused to support his wife. If the contention of the state be correct, then the wife may, by taking up her residence in any county in the state she may elect, make the crime ambulatory, and render the husband guilty of felony therein, although he may never have been within such county.  That she cannot so do is too obvious to justify any discussion of the proposition, for this case does not fall within the limited class of cases in which a party may become liable to punishment in a particular jurisdiction while his personal presence is elsewhere,—for example, circulating a libel in a county in which he is not personally present.  If the relator deserted his wife, abandoned her, and omitted to support her, such acts were done and omitted in the county of Hennepin, and not in the county of Ramsey.  It follows that the municipal court of the city of St. Paul had no jurisdiction of the subject-matter of the complaint; hence the commitment of the relator in default of bail was void.

Therefore it is ordered that the relator be, and he is hereby, discharged from the custody of the sheriff of the county of Ramsey.