(56 Misc. Rep. 108.)

### PEOPLE ex rel. BARON v. WARDEN OF CITY PRISON OF CITY OF NEW YORK.

(Supreme Court, Special Term, New York County.   September 26, 1907.)

HABEAS CORPUS—NATURE AND GROUNDS OF REMEDY.

A defendant, charged with a felony of which, by statute, a conviction cannot be had without testimony corroborating that of complainant, is not entitled to release on habeas corpus, notwithstanding there was no such corroboration on his examination before the magistrate by whom committed; lack of corroboration being material on the trial only.

Habeas corpus by the people, on relation of Michael Baron, against the warden of the city prison of the city of New York.   Writ dismissed, and prisoner remanded.

Michael Kaufman, for relator.

Robert S. Johnstone, Asst. Dist. Atty., for respondent.

FORD, J.   Relator is held under a commitment of a city magistrate after examination on a charge of felony.   The crime charged is one in which by statute the testimony of the complainant must be corroborated to justify a conviction.   It was conceded by relator's counsel upon the argument that the testimony of complainant upon the examination covered all the requisite elements of the crime charged.   Relator's counsel contends that there was no legal corroboration.   Upon that phase of the case I agree with him.   Nevertheless I am of opinion that the writ must be dismissed.   In the case of People ex rel. Perkins v. Moss, 187 N. Y., 410, 80 N. E. 383, principally relied upon by relator, the court held that the writ should have been sustained because there was no legal evidence of the commission of the crime charged on account of lack of proof of intent—an essential element of the alleged larceny.   Here there is no such hiatus.   Lack of corroborative testimony becomes essential upon the trial only, and the Perkins Case does not change the rule in this regard.

The writ is dismissed, and the prisoner remanded.