## STATE ex rel. H. A. GRAVES v. C. G. HAUGEN.[1]

January 30, 1914.

Nos. 18,593—(311).

**Habeas corpus — practice.**

  1. Certain matters of practice in habeas corpus proceedings, relating to jurisdiction of court commissioners and hearing on appeal, determined.

**Appeal from order of committing magistrate.**

  2. The determination of a committing magistrate will not be disturbed on habeas corpus where the record discloses evidence reasonably tending to support it.

Upon the petition of W. M. O'Hara the district court for Aitkin county issued its writ of habeas corpus, directing C. G. Haugen, as sheriff of that county, to have H. A. Graves before the court commissioner of Aitkin county at the time and place mentioned. The sheriff objected to the jurisdiction of the court commissioner to hear or determine the matter for the reason that the writ was not attested in the name of the presiding judge of the district court; that the sheriff had no person by the name of H. A. Graves in his custody, nor was there such a proceeding on record in the district court of the county; that no bond had been given as security for payment of costs on the part of the relator or in his behalf; and that the petition did not set out facts sufficient to justify the issue of a writ of habeas corpus. Upon the return of the writ the prisoner was ordered discharged by the court commissioner. From the order discharging the prisoner from the custody of the sheriff, the sheriff appealed. Reversed.

*Lyndon A. Smith,* Attorney General, and *Louis Hallum,* County Attorney, for appellant.

*W. M. O'Hara,* for respondent.

[1] Reported in 145 N. W. 167.

PHILIP E. BROWN, J.

Relator, after examination, was committed by a justice of the peace in default of bail, to answer to the criminal charge, prescribed by G. S. 1913, § 8699, of knowingly entering into a marriage with a married woman. On petition alleging illegality of his imprisonment in that there was no proof either of the woman's previous marriage or relator's knowledge thereof at the time of the marriage charged, the court commissioner of the county ordered issue of a writ of habeas corpus returnable before himself, and after hearing discharged him for insufficiency of the evidence to warrant the magistrate's decision. The sheriff appealed.

1. Petitions for writs of habeas corpus, unless made to this court, should be addressed to the district court (G. S. 1913, § 8284); and, while the court commissioner of the county may grant them (Id.), they should be tested in the name of the presiding judge (section 146). However, attestation in the name of the court commissioner constitutes mere defect of form, rendered unavailing by section 8288.

Section 8312 was intended to speed the hearing of appeals; but relator, having made no application thereunder, is in no position to invoke its provisions.

2. Court commissioners have jurisdiction to hear and determine habeas corpus proceedings. State v. Hill, 10 Minn. 45 (63); Betts v. Newman, 91 Minn. 5, 97 N. W. 371. But none, after examination or trial had, to rejudge the disposition attacked by weighing the evidence given before the magistrate. Their powers in this regard are confined to an examination of the evidence for the purpose of ascertaining whether the determination of the magistrate is entirely unsupported thereby. If, therefore, the record contains evidence reasonably tending to sustain it, the decision of the justice must stand. In re Snell, 31 Minn. 110, 16 N. W. 692; State v. Hayden, 35 Minn. 283, 28 N. W. 659; State v. Justus, 85 Minn. 114, 88 N. W. 415. Any other rule would entail endless confusion, and likewise the anomaly of the several courts of record, court commissioners, and justices of the peace, with concurrent jurisdiction as examining magistrates (section 9072), yet upsetting each other's conclusions by passing

anew upon the weight of evidence and determining the credibility of witnesses neither seen nor heard by them.

For obvious reasons it would be inexpedient to review the evidence. We have examined the record and find evidence, direct as to the woman's prior marriage and circumstantial as to relator's knowledge, sufficient to uphold the justice's finding. See State v. Yoder, 113 Minn. 503, 130 N. W. 10.

It follows that relator was not illegally detained. The order discharging him is reversed, and he is remanded, if not on bail, to the official custody of appellant.

So ordered.