STATE EX REL. A. S. KRINKIE v. PAUL FELIX.[1]

April 14, 1927.

No. 26,172.

**Evidence sufficient to sustain action of examining magistrate in discharging writ of habeas corpus.**

> The evidence is sufficient to sustain the action of the examining magistrate in holding the relator to answer in the district court to the charge of furnishing intoxicating liquor potable as a beverage to a minor. Writ of habeas corpus discharged.

Habeas Corpus, 29 C. J. p. 167 n. 72; p. 195 n. 56.

Writ of habeas corpus issued by the court commissioner of Morrison county upon the petition of the relator to secure his release from the respondent sheriff, to whose custody he was committed by the municipal court of Little Falls to await the action of the grand jury on a charge of furnishing intoxicating liquor to a minor. The writ was discharged by the court commissioner and the relator appealed. Writ discharged.

*E. A. Kling,* for relator.
*Frederick J. Miller,* County Attorney, for respondent.

TAYLOR, C.

The relator was arrested under a warrant issued out of the municipal court of the city of Little Falls on the charge of selling intoxicating liquor to a minor. As the result of a preliminary examination before the municipal court, he was held to answer for the offense at the next general term of the district court in and for the county of Morrison. Failing to give bail he was committed to the county jail. Thereafter he procured the issuance of a writ of habeas corpus from the court commissioner of that county. At the hearing, the court commissioner discharged the writ and remanded him to

[1]Reported in 213 N. W. 556.

the custody of the sheriff. He appealed to this court, and the cause was submitted upon the return made to this court.

The relator bases his contention that he is illegally held in custody on the claim that the evidence before the examining magistrate failed to show that the liquor which he is charged with having furnished to the minor was either intoxicating or potable as a beverage. He offered no evidence in his own behalf. The minor, a girl not quite 14 years of age, testified to this effect: That she knew the effect of intoxicating liquor; that she was at defendant's house on the evening of January 2 or morning of the third and had some beer to drink; that it was intoxicating; that it was served in glasses on a tray; that defendant passed the tray around and she took one of the glasses from the tray and drank half its contents; that she felt no effects from it, but knew it was intoxicating beer because she had drunk beer before.

This proceeding was not a trial but an examination to determine whether there was sufficient ground to hold the accused for trial. In such cases the judgment of the examining magistrate must stand if there is evidence reasonably tending to support it. State ex rel. Graves v. Haugen, 124 Minn. 456, 145 N. W. 167; State ex rel. Delevan v. Justus, 85 Minn. 114, 88 N. W. 415; State v. Hayden, 35 Minn. 283, 28 N. W. 659. We are unable to say that the municipal judge could not fairly conclude from the above testimony that the liquor was both intoxicating and potable as a beverage. There was the direct statement that it was intoxicating, although the witness felt no effects from the small quantity she drank, and it was passed around as a beverage and drunk as such. Writ discharged and the relator remanded to the custody of the sheriff.