## STATE EX REL. ELEANOR AND ROBERT JULIUS JEFFREY v. ARTHUR G. TESSMER.[1]

September 26, 1941.

Nos. 33,071, 33,072.

*Herbert H. Hoar,* for appellants.
*William O. McNelly,* County Attorney, for respondent.

PETERSON, JUSTICE.

After preliminary examination on a charge of arson, relators were held by the municipal court of Glencoe to answer for the offense at the next general term of the district court of McLeod county. They are now in the custody of respondent as the sheriff of that county. The appeals are from orders quashing writs of *habeas corpus* and remanding them to custody.

Relators, who are mother and son, and one Weaver were charged with setting fire to the mother's chicken hatchery. The fact of the fire was established by witnesses other than the parties named. The incendiary origin of the fire and the fact that relators were parties to causing the fire were established solely by the testimony of Weaver, who was an admitted accomplice.

Relators' contention is that they are illegally held in custody upon the ground that the uncorroborated testimony of an accomplice

[1] Reported in 300 N. W. 7.

is insufficient to justify a magistrate in committing a prisoner to answer for a felony.

Our statutes provide for the arrest of persons charged with crime and for a preliminary examination before a magistrate to determine whether the prisoner should be held to answer for the offense in the district court and, if held, either to admit him to bail if it is offered or commit him for trial. See Mason St. 1927, §§ 10576 to 10602-3. A preliminary examination is not a trial. It is an inquiry to determine whether there is sufficient ground to hold the prisoner for trial. State ex rel. Krinkie v. Felix, 171 Minn. 140, 213 N. W. 556.

The prisoner should be held by the magistrate (the municipal court here) under Mason St. 1927, § 10588, "whenever at the close of an examination it shall appear that an offence has been committed, and that there is probable cause to believe the prisoner to be guilty." The evidence before the magistrate need only fairly and reasonably tend to show the commission of the offense charged and probable cause for charging the prisoner with its commission. In re Snell, 31 Minn. 110, 16 N. W. 692.

The uncorroborated testimony of an accomplice is sufficient to establish probable cause for belief of guilt. The common-law rule is that a conviction can be had upon the uncorroborated testimony of an accomplice. Trial judges are under the duty of giving a cautionary instruction concerning the weight of the testimony of accomplices, but the weight and credibility of their testimony is for the jury. The common-law rule prevails in England and in more than half of the jurisdictions in the United States. 7 Wigmore, Evidence (3 ed.) §§ 2056, 2057. Testimony of such probative character as to sustain a finding of guilt certainly is sufficient to show probable cause for belief of such guilt.

The uncorroborated testimony of an accomplice should be accepted as sufficient to establish the fact of probable cause upon a preliminary examination, unless corroboration is required under Mason St. 1927, § 9903, which provides that a "conviction" can-

not be had upon the uncorroborated testimony of an accomplice. If the statute applies to preliminary examinations the finding of probable cause here cannot stand. The question is, Does the statute apply? The statute does not in terms apply to preliminary examinations. By its terms it applies only to a "conviction." Since the statute applies only where a conviction might occur and since a conviction on a felony charge can be had only upon a trial in the district court, it is plain that the statute applies only to a trial to determine the guilt or innocence of the prisoner in the district court. Since the purpose of a preliminary examination is not to determine the guilt or innocence of the prisoner, but to determine whether there is probable cause for believing him guilty as grounds for holding him to answer for the offense charged, and no conviction can ever be had upon such examination, it is equally clear that the statute does not apply to such an examination. There are reasons which must be apparent to everybody for distinguishing between the degree of proof required to establish probable cause to believe a prisoner guilty for the purpose of holding him to answer for a crime and that required to convict him. The better reasoned cases hold that a statute requiring corroboration of an accomplice to convict does not apply to showing probable cause upon a preliminary examination. In re Dempsey, 65 N. Y. S. 717; People ex rel. Baron v. Warden of City Prison, 56 Misc. 108, 106 N. Y. S. 139; People ex rel. Giallarenzi v. Munro, 150 Misc. 41, 268 N. Y. S. 404; In re Application of Schwitalla, 36 Cal. App. 511, 172 P. 617.

The Alabama and Nevada courts hold to the contrary. In State v. Smith, 138 Ala. 111, 115, 35 So. 42, 43, 100 A. S. R. 26, the court held that the testimony to hold the prisoner must be sufficient to sustain a finding of guilt, stating:

"The whole theory of holding accused persons to the grand jury is that the evidence before the examining magistrate or the judge on *habeas corpus* is sufficient to sustain a finding of guilt by a

petit jury when he shall be indicted and brought to the bar of the court."

Our statute requires only that such evidence must show only probable cause to believe that the prisoner committed the crime. There is obvious difference between proof of the prisoner's guilt and proof of probable cause to believe him guilty. The Alabama rule requires a higher degree of proof for holding a prisoner upon a preliminary examination than does our statute. Whether the rule is correct or not under the statutes of Alabama, it cannot be followed here where the statute requires proof only of probable cause to believe the defendant guilty, not proof of guilt. The Alabama court took notice of the fact that the statute there involved requiring corroboration of an accomplice to authorize a conviction did not by its terms apply to preliminary examinations, but construed it to apply upon the theory that a party ought not to be held unless it appears that the evidence is sufficient to convict him. That reasoning cannot be followed in construing our statute for the reasons already stated. Nor can we follow the rule of the Nevada court announced in In re Application of Oxley and Mulvaney, 38 Nev. 379, 149 P. 992, because its decision cites and follows that of the Alabama court in State v. Smith, *supra*.

The orders discharging the writ are affirmed, and the relators are remanded to the custody of the sheriff.