STATE EX REL. DON HASTINGS v. STANLEY J. BAILEY.

116 N. W. (2d) 548.

July 20, 1962—No. 38,719.

*Daniel B. Gallagher,* for appellant.

*Einer C. Iversen,* County Attorney, for respondent.

MURPHY, JUSTICE.

This is an appeal from an order· of the district court quashing a writ of habeas corpus. By criminal complaint filed in the municipal court division of the probate court for Waseca County the defendant was charged with felonious intent to defraud the complainant "by color or aid of a check knowing that the drawer or maker thereof was not entitled to draw on the drawee for the sum specified therein or to order the payment of the amount therein specified" and with obtaining from the complainant property of the value of approximately $4,000 with intent to deprive the complainant of his property and appropriate the same to his own use in violation of Minn. St. 622.03 and 622.05. The complaint concludes, "Said acts constituting the crime of grand larceny in the 1st degree by fraudulant draft."

The defendant appeared before the judge of probate court, municipal court division, of Waseca County and demanded a preliminary hearing. At the hearing he was represented by counsel. The state introduced evidence from which the municipal court found that a crime had been committed and that there was probable cause to believe

that the defendant was guilty of the offense charged. Bail was fixed in the sum of $5,000 for the defendant's appearance to answer in further proceedings in the district court. On petition of the defendant the district court issued a writ of habeas corpus. On the return date the issues thus raised were fully submitted, after which the trial court made its order quashing the writ. The appeal here is from that order.

The defendant concedes that the court has jurisdiction of the defendant and that the complaint states a public offense. The point raised here, as expressed in the appellant's brief, is "that there is not sufficient evidence which 'fairly and reasonably tends to show the commission of the offense charged.' In other words, we contend that there is a real 'defect of proof' in this instance." The issue presented is limited to the question of whether at the preliminary hearing there was probable cause for the committing magistrate to believe that the accused was guilty of the offense charged.[1]

We have before us a transcript of the testimony adduced at the preliminary hearing. It appears that on Tuesday, July 11, 1961, the defendant, Donald Hastings, with one Bud Mostek, appeared at the farm of the complainant, Roger Larson, and negotiated with the latter for the purchase of 20 head of cattle. A purchase price of $4,100 was agreed upon. In the course of their discussions the defendant told Larson that he had $2,700 in his pocket at the time and that his brother, for whom some of the cattle were being purchased, would furnish the balance of the money Friday, July 14, 1961. Larson was led to believe that there would be sufficient funds in the bank to cover the check when it would be deposited on the later date. Larson was advised that all of the cattle would be taken to pasture. On July 12 Mostek took delivery of the cattle and gave Larson the defendant's check for $4,100. At the time the check was delivered it was not dated. On the same day it was delivered, the defendant called Larson from Austin and requested that he insert the date of July 14, 1961. Mrs. Larson filled in the date on the check and on July 14 it was cashed. On the same day Larson was present at a nearby sales barn where

---

[1] Minn. St. 629.52, 629.53; State ex rel. Jeffrey v. Tessmer, 211 Minn. 55, 300 N. W. 7; In re Snell, 31 Minn. 110, 16 N. W. 692.

he saw some of his cattle being sold. The check was returned for non-payment. A return and protest was then executed.

■ Intent is an essential element of the offense with which the defendant was charged. Section 622.03 provides:

"Every person who shall wilfully, with intent to defraud by color or aid of a check, draft, or order for the payment of money or the delivery of property, when such person knows that the drawer or maker thereof is not entitled to draw on the drawee for the sum specified therein, or to order the payment of the amount or delivery of the property, although no express representation is made in reference thereto, shall obtain from another any money or property, shall be guilty of stealing the same, and punished accordingly."

In State v. Cunningham, 257 Minn. 31, 99 N. W. (2d) 908, we said that the offense denounced by this statute is analogous to the crime of obtaining money by false pretenses. In State v. Johnson, 77 Minn. 267, 79 N. W. 968, the defendant was indicted for passing a worthless check under G. S. 1894, § 6711, which is substantially identical to § 622.03. We there stated (77 Minn. 268, 79 N. W. 969):

"The gist of the offense defined by this statute is the obtaining, with intent to defraud, the money or property of another by false pretenses; that is, by color or aid of a check or draft which the accused has no reason to believe will be paid. In negotiating a check the maker does not necessarily represent that he then has with the bank funds out of which it will be paid, but he does represent by the act of passing the check that it is a good and valid order for its amount, and that the existing state of facts is such that in the ordinary course of business it will be met; or, in other words, he impliedly represents that he has authority to draw the check, and that it will be paid on presentation. Such authority need not be expressed, but it may be inferred from the course of dealing between drawer and drawee."

■ The defendant argues at some length that the evidence taken at the preliminary hearing establishes that the transaction was not criminal and that the acceptance of the postdated check evidenced an agree-

ment to extend time for payment to a future date. The defendant relies on authorities which relate to the construction and effect of criminal statutes directed against worthless checks. Annotation, 95 A. L. R. 486. It is our view that in the present state of the record this point is raised prematurely when presented in habeas corpus proceedings. We are not concerned with the final issue of the defendant's guilt or innocence. We are limited to an inquiry of whether there was sufficient evidence taken at the preliminary hearing to warrant holding the defendant for arraignment in the district court. It is well established that the function of the magistrate at the preliminary hearing is to determine only whether sufficient evidence has been produced to establish probable cause that the defendant is guilty of a public offense and not to determine his guilt or innocence.[2] State ex rel. Welper v. Rigg, 254 Minn. 10, 93 N. W. (2d) 198; State ex rel. Jeffrey v. Tessmer, 211 Minn. 55, 300 N. W. 7; State ex rel. Krinkie v. Felix, 171 Minn. 140, 213 N. W. 556; In re Snell, 31 Minn. 110, 16 N. W. 692.

The rule is well summarized by our court in the Jeffrey case, where the court stated (211 Minn. 56, 300 N. W. 7):

"* * * A preliminary examination is not a trial. It is an inquiry to determine whether there is sufficient ground to hold the prisoner for trial. State ex rel. Krinkie v. Felix, 171 Minn. 140, 213 N. W. 556.

"* * * The evidence before the magistrate need only fairly and

---

[2]Preliminary examination is provided for by § 628.31, which provides: "No information shall be filed against any person for any offense until such person shall have had a preliminary examination as provided by law, before a justice of the peace or other examining magistrate or officer, unless such person shall waive his right to such preliminary examination."

Section 629.53 provides in part: "When at the close of an examination it shall appear that an offense has been committed, and that there is probable cause to believe the prisoner to be guilty, if the offense be bailable by the magistrate, and the prisoner shall offer sufficient bail or money in lieu thereof, it shall be taken, and he shall be discharged; but if no sufficient bail be offered, or the offense shall not be bailable by the magistrate, he shall be committed for trial."

reasonably tend to show the commission of the offense charged and probable cause for charging the prisoner with its commission. In re Snell, 31 Minn. 110, 16 N. W. 692."

■ It may be said generally that the purpose of preliminary examination is to inquire concerning the commission of the crime and the connection of the accused with it in order that he may be informed of the nature and character of the offense with which he is charged; to determine if there is probable cause for believing the defendant guilty; and to fix bail. It is not necessary for the state to prove the defendant's guilt beyond a reasonable doubt. The state is not required to disclose at the preliminary hearing all of its evidence relating to the commission of the offense. It is required to submit only sufficient evidence to establish probable cause. It has been said that the test of probable cause is whether the evidence worthy of consideration, in any aspect for the judicial mind to act upon, brings the charge against the prisoner within reasonable probability.[3]

Here the evidence established that the complainant parted with property of the value of $4,100, for which he received a worthless check; and that the defendant falsely represented that the check would be honored on July 14. The evidence also established that instead of pasturing the cattle the defendant sold all or part of them and kept the proceeds. We think that these facts meet the test of probable cause in that they establish a reasonable probability of the defendant's present intention or knowledge of the fact that the check was worthless and would not be honored. The defendant's contention that the transaction involved no more than an ordinary credit arrangement is a matter of defense which may be asserted at the trial.

Affirmed.

MR. JUSTICE FRANK T. GALLAGHER took no part in the consideration or decision of this case.

---

[3] State ex rel. Wojtycski v. Hanley, 248 Wis. 108, 20 N. W. (2d) 719.