STATE OF MINNESOTA *ex rel.* Emma C. Lembke and another *vs.*
FRANK BECHDEL.

October 12, 1887.

**Res Judicata—Habeas Corpus.**—An adjudication on the question of the
right to the custody of an infant child, brought upon a writ of *habeas
corpus,* may be pleaded as *res judicata,* and is conclusive upon the same
parties in all future controversies relating to the same matter, and upon
the same state of facts. Such a case, which is one of private parties con-
testing private rights under the form of proceedings on *habeas corpus,*
distinguished from one where the writ is sued out by or on behalf of a
prisoner, or one restrained of his liberty.

Proceedings by *habeas corpus,* begun in this court, to obtain the
custody of an infant child. The return to the writ, among other
matters, sets out proceedings by *habeas corpus* instituted in the dis-
trict court for Scott county, by the relator Emma C. Lembke, in
which were involved and determined the questions sought to be raised
here. The answer to the return admits the proceedings in the dis-
trict court for Scott county.

*Henry J. Gjertsen* and *A. Danford,* for relators.

*R. A. & F. C. Irwin* and *H. J. Peck,* for respondents.

MITCHELL, J.[1] In *Re Snell,* 31 Minn. 110, (16 N. W. Rep. 692,)
this court held that a decision, under one writ of *habeas corpus,* re-
fusing to discharge a prisoner, is not a bar to the issuing of another
writ, based upon the same state of facts, nor to a hearing and dis-
charge thereon. While there is room for a difference of opinion,
and, in fact, a conflict of decisions, upon this question, yet, in view
of the origin, history, and purposes of this writ as a "writ of liberty,"
we adopted this rule in this class of cases, in which the liberty of the
citizen is the question directly involved. But such cases are clearly
distinguishable, we think, both upon principle and authority, from
those in which the writ is sued out merely for the purpose of deter-
mining which of two parties is entitled to the custody of an infant

[1] Vanderburgh, J., being absent upon the argument, took no part in this case.

·child. In the latter, the question is not really whether the infant is restrained of its liberty, but, who is entitled to its custody? It is true that the charge is that the child is unlawfully restrained, etc.; but the gist of this charge is not that the child is unlawfully deprived of its liberty, but that such restraint is in prejudice of the right of the relators to its custody. The case is really one of private parties contesting private rights, under the form of proceedings on *habeas corpus.*

In our judgment, in such cases, both principle and considerations of public policy require the application of the doctrine of estoppel to judicial proceedings. We therefore hold that a former adjudication on the question of the right to the custody of an infant child, brought up on *habeas corpus*, may be pleaded as *res judicata*, and is conclusive upon the same parties, upon the same state of facts. *Mercein* v. *People*, 25 Wend. 64, (35 Am. Dec. 653;) *People* v. *Brady*, 56 N. Y. 182; Freem. Judgm. § 324; Church, Hab. Corp. § 387. In this case, the former adjudication pleaded in the return to the writ is admitted in the answer; and no new facts are alleged as having since occurred which alter, in any material respect, the rights of either party to the custody of the child. The parties are, in effect, the same; for although the alleged mother of the child was the sole relator in the former proceedings, while her husband (who is not the father of the child) now joins with her as relator, yet he can have no rights in the matter independently of his wife. If he has any rights, they must be wholly derived from and dependent upon those of his wife.

The motion of the respondent to discharge the writ is therefore granted.