STATE OF MINNESOTA ex rel. GEORGE J. FLINT v. ELLEN FLINT.[1]

*July 2, 1895.*

Nos. 9593—(342).

**New Trial by Act of Legislature.**
> When an action or other judicial proceeding has been tried, and a decision rendered, the legislature cannot, by an act subsequently passed, grant a new trial, or a trial de novo.

**Custody of Minor Child—Laws 1895, c. 327—Constitutionality.**
> So far as senate file No. 652, passed at the last session of the legislature, applies to decisions rendered prior to its passage, in habeas corpus proceedings brought by one parent against the other to recover custody of a child, it is unconstitutional and void.

[1] Reported in 63 N. W. 1113.

Relator, having appealed from an order in habeas corpus proceedings of the district court for Ramsey county, Otis, J., awarding the custody of his minor child to respondent, served notice of trial de novo in the supreme court under Laws 1895, c. 327. Trial de novo denied.

*M. R. Tyler* and *E. M. Card*, for relator.

*C. D. & T. D. O'Brien*, for respondent.

CANTY, J. Relator and respondent are husband and wife, who for some time past have been living separate and apart from each other in the city of St. Paul. They have a child of the age of four years, in the custody of its mother, the respondent. Relator sued out a writ of habeas corpus directed to respondent for the purpose of getting the custody of the child. A trial was thereupon had, and thereafter, on February 16, 1895, the court below filed its order awarding the custody of the child to respondent. From this order, on March 18 last, relator appealed to this court.

Thereafter an act of the legislature was passed, and on April 25 last was approved by the governor, being senate file No. 652, which provides that, on appeal from a final order in a habeas corpus proceeding, the clerk of the district court shall make true copies of the petition, writ, return, and decision, and certify all of the same to the supreme court.

Section 3 provides that the appeal may be brought on for trial in the supreme court at any time on from 5 to 15 days' notice. It further provides:

"The said appeal shall be tried in the supreme court in the same manner as if the original writ of habeas corpus had been granted and issued out of that court, and upon such hearing said court shall make and give final judgment therein. And if the person in whose behalf the writ was applied for is a minor child of tender years, the court shall as a part of its judgment determine the person or party who is entitled to control and direct the education and training of such child."

Section 4 provides:

"Sec. 4. The provisions of sections 2 and 3 of this act shall apply to and govern all proceedings on appeals heretofore brought into this court from the order of a district court, district judge or a court com-

missioner and which have not been brought to a hearing before the supreme court."

Appellant proceeded under this statute to bring the case on for trial de novo in this court at a certain day of the present term. Respondent appeared on that day, and moved to dismiss the notice of trial and the proceedings in this court, on the ground that said act of the legislature is unconstitutional. We are of the opinion that, so far as this act of the legislature attempts to grant a new trial, or a trial de novo, in this proceeding, it is unconstitutional.

Before the passage of this act, neither party to this proceeding was entitled to a second trial as a matter of right, either in the same proceeding or in another proceeding, in the same court or in another court; and the decision, when rendered, was a binding adjudication, which estopped both parties, until set aside for cause judicially found in the same court or on appeal. State v. Bechdel, 37 Minn. 360, 34 N. W. 334. This was the status of the decision in this case when the act of the legislature was passed which attempted ipso facto to grant a new trial. The legislature has no more power to grant a new trial in such a case than it would have to render the original decision. One is as much a judicial act as the other. It is well settled that the legislature cannot thus encroach on the power of the judiciary, and grant a new trial in an action or proceeding which has been tried, and a decision rendered, before the act was passed. 3 Am. & Eng. Enc. Law, 681, 682; Black, Const. Prohib. § 197; Cooley, Const. Lim. 95.

For these reasons the motion to dismiss the notice of trial is granted, and a trial de novo is denied; but the appeal may stand, and be brought on for hearing in the same manner as other appeals to this court, if appellant sees fit so to proceed.