## MAHAN v. HENDRICKS ET AL.

[No. 21,862. Filed October 8, 1912. Rehearing denied
May 14, 1914.]

1. PARENT AND CHILD.—*Custody of Child.*—*Habeas Corpus Pro-
ceeding.*—*Admission of Evidence.*—In a *habeas corpus* proceed-
ing by a father for the custody of his infant child, a wide lati-
tude of examination is allowable as to his fitness and the welfare
of the child, hence the admission of evidence on those lines
will not be deemed erroneous on the ground of remoteness, unless
it appears that the court abused its discretion. p. 631.

2. PARENT AND CHILD.—*Custody of Child.*—*Habeas Corpus Proceed-
ing.*—*Evidence.*—*Review.*—Although the evidence in a *habeas*

*corpus* proceeding by a father for the custody of his child was so close that the court on appeal could not say that the trial court would have erred in awarding him the custody, where there was also evidence to support the finding of the lower court that the welfare of the child required the placing of its custody with the child's maternal relatives, the judgment cannot be disturbed on the weight of the evidence. p. 632.

From Boone Circuit Court; *Willett H. Parr,* Judge.

Action of *habeas corpus* by Hoover G. Mahan against James L. Hendricks and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Frank E. Hutchinson, A. J. Shelby* and *Cassius C. Hadley,* for appellant.

*B. F. Ratcliffe* and *S. R. Artman,* for appellees.

PER CURIAM.—Action of *habeas corpus* by appellant for possession of his infant daughter. The error assigned is in overruling the motion for a new trial, and the sole question presented is the sufficiency of the evidence.

Four questions are sought to be presented upon the admission of evidence, but the record shows that there was no objection made in two instances, and the other two were upon the grounds of remoteness, and not involving the custody of the child. The questions involved the conduct of the appellant as throwing some light upon his past history, and as his fitness to have the custody of the child, and the welfare of the child were the questions before the court, a wide latitude of examination is allowable and we cannot say that the discretion of the court was abused. *Shoaf* v. *Livengood* (1909), 172 Ind. 107, 88 N. E. 598; *Bullock* v. *Robertson* (1903), 160 Ind. 521, 65 N. E. 5; *Berkshire* v. *Caley* (1901), 157 Ind. 1, 10, 60 N. E. 676; *Bryan* v. *Lyon* (1885), 104 Ind. 227, 238, 3 N. E. 880, 54 Am. Rep. 309; *Dubois* v. *Johnson* (1884), 96 Ind. 6, 15; *McKenzie* v. *State, ex rel.* (1881), 80 Ind. 547; *Garner* v. *Gordon* (1872), 41 Ind. 92. Appellant was married to a daughter of appellees, June 14, 1908, and a female child

was born of this union March 26, 1909; the mother died July 29, 1910.

The evidence discloses that appellant has no means and no home of his own, to which to take and rear the child; that he is dependent upon weekly wages running from 2. $12 to $15 per week, and that the home of his parents, and that of a sister are open to the child. His parents are aged and infirm. His sister could and would furnish the child a good home. The home of the wife's parents is also a good home, and they are of an age and of means to properly nurture and educate the child. The grandfather is a physician, and there is some evidence that the child is not strong. At the time the proceeding was begun, appellant had gone upon a protracted absence to the state of California, and was then thirty-two years of age. There is evidence that appellant's wife in apprehension of her passing away, had, with the consent of appellant, committed the care and custody of the child to her married sister, who was in independent circumstances, with the agreement that she should change her residence from Indianapolis to that of her father and mother, in Lebanon, in order that the child might be near its father, and that agreement was faithfully kept. It would be unprofitable to recite further the evidence which is voluminous, but we have examined it with care and with due appreciation, and regard for the rights of parents. The case is a close one upon the evidence, and this court would not have been justified in disturbing a judgment which would have committed the care and custody of the child to the parents of appellant, or that of his sister. In either case the child would probably have been properly cared for and reared, but with the witnesses before it, the court below was in a situation to form a better conclusion as to the welfare of the child, which was the chief consideration, than this court can possibly be, upon so close a case, since there was evidence to support its finding and it clearly appears that the child will be well taken care of and provided for,

we are not justified in disturbing the judgment upon the weight of the evidence.

The judgment is affirmed.

NOTE.—Reported in 99 N. E. 418.  As to the custody of children and to whom such should be awarded in *habeas corpus* proceedings, see 20 Am. Dec. 330.  See, also, under (1) 29 Cyc. 1603; (2) 29 Cyc. 1604.