## FLORA B. KNAPP v. C. H. TOLAN.

(49 L.R.A.(N.S.) 83, 142 N. W. 915.)

**Habeas corpus — writ — res judicata — conflicting claimants — minor child.**

1. Where the writ of habeas corpus is used not as a writ of liberty in the strict and original sense of the term, but only indirectly and theoretically as such and as a means for inquiring into and determining the rights of conflicting claimants to the care and custody of a minor child, the doctrine of *res judicata* will apply; and where no material change of circumstances is shown to have arisen since the determination of a prior proceeding in habeas corpus which has been adjudicated in a court of competent jurisdiction, the writ will not be granted by another court as a matter of right.

**Court — power — custody.**

2. Upon such a proceeding the court is not bound to deliver the child into the custody of any particular person or claimant, but may leave it in such custody as its welfare at the time may seem to require.

---

Note. — The above case seems to be in harmony with the weight of authority on the doctrine of *res judicata* as applied to a habeas corpus decree as to the custody of an infant. As shown by a note in 67 L.R.A. 783, a former adjudication on the question of the right to the custody of an infant child, brought up on habeas corpus, may be pleaded as *res judicata* and is conclusive upon the same parties upon the same state of facts.

Order — not final judgment — circumstances — new conditions — res judi-
    cata.
    3. The order in such a case is not an unalterable final judgment, but will
last only as long as no material change of circumstances requires a change
of custody. Until some new fact, however, has occurred which has altered the
state of the case or the relative claims of the parents or other claimants in some
material respect, the decision of a court of competent jurisdiction on a former
writ is conclusive upon a subsequent application.
    4. In such cases the remedy is of an equitable nature.

Opinion filed August 19, 1913.

Application for writ of habeas corpus.
Writ denied.

Statement by BRUCE, J.

This is an application for a writ of habeas corpus. It is an attempt
by means of this writ to retry in this court, and within two months,
issues which have already been thoroughly tried and considered on a
similar writ by the judge of the third judicial district. No new facts
or change of circumstances are shown. Though the remedy of habeas
corpus is resorted to, the proceeding is not in reality an application
for "a writ of liberty," but an attempt on the part of a mother who,
the record shows, has been grossly neglectful of her duties in the past,
and whose career has been far from blameless, to regain possession
of an illegitimate female child of eleven and a half years of age who,
on account of such neglect, was intrusted by the county commissioners
of Grand Forks county to the care of a well-to-do farmer and wife of
Traill county, who have properly cared for such child, are anxious for
her retention, and who appear to be in every way worthy of the trust.
The only showing that the petitioner can now make, and that was made
before the district court, is an attempt at reformation, perhaps real,
and a present earning capacity as a cook in a boarding house at Seattle
of $45 a month. The child was conceived out of wedlock, and was born
four and a half months after petitioner's marriage to another man than
the father and whom she deserted six years later. After such desertion
the husband obtained a divorce and the custody of the child, but was
himself soon sent to the penitentiary for a term of years for a bestial
crime. After this event the child was intrusted to the care of the

defendant herein. In dismissing the former writ of habeas corpus, the district court, in its memorandum opinion, said among other things: "I have had a long talk with this child. I discover from my examination and conversation with her that she is an unusually intelligent child. . . . She told me all her present relations in her present home. . . . I began in her present home and then traveled back to her life at the county house, and then I easily gravitated back into the life which she had prior to going to that county house, and she told me, in substance, with reference to that life, that she didn't always get the best treatment; that her mother was away very frequently until midnight and later, and that men came to see her mother late, and that her mother finally went away with a man. . . . Then I put the question straight to her whether she would like to live with Mr. and Mrs. Tolan or go back to her mother, and promptly she said she preferred to stay with Mr. and Mrs. Tolan, and when I asked her her reasons she said she had a good bed to sleep in and plenty to eat, and that they were kind to her; she had a chance to go to school. Now, that is the state of mind of that child. With those conditions before me and with this record, which you yourself have put before the court, and which is signed by Mrs. Knapp, the mother of this child, she comes here now and asks me to take this child out of this home, with these surroundings, and chance sending her away off out there where the Lord only knows what will become of her. I can't do it. Now after hearing counsel, and due consideration thereof being given, and the court being moved by the considerations involved in § 4129, ¶ 1 thereof, by 'what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare,' and the court deeming that the child is of sufficient age to form an intelligent preference, and has formed such intelligent preference, and exhibited the same to the court as above indicated . . . the court now remands the custody of said child to the respondent herein, and this dismisses this writ."

*N. C. Wegner,* Grand Forks, for petitioner.

BRUCE, J. (after stating the facts as above). This is not a proper case for the issuance of the writ of habeas corpus. It may be the general rule, and the rule of this state, that the doctrine of *res judicata*

is not applicable to the decision of one court of justice on a writ of habeas corpus in a criminal case, or where the writ is in the true sense of the term "a writ of liberty" (see Church, Habeas Corpus, § 386; Carruth v. Taylor, 8 N. D. 166, 77 N. W. 617; State v. Beaverstad, 12 N. D. 527, 97 N. W. 548; Re Snell, 31 Minn. 110, 16 N. W. 692). The situation, however, is very different where the writ is used in a manner which was not contemplated at the time of its creation, and not as a writ of liberty, but as a means of obtaining the possession or control of one whose personal liberty is only in a remote and technical sense involved or endangered. In the case before us the question is not really whether the infant is restrained of its liberty, but who is entitled to its custody. It is true that the charge is that the child is unlawfully restrained, etc., but the gist of the complaint is not that the child is unlawfully deprived of its liberty, but that such restraint is in prejudice of the rights of the mother to its custody. The case is really one of private parties contesting private rights, under the form of proceedings on habeas corpus. In such cases both principle and considerations of public policy require the application of the doctrine of estoppel to judicial proceedings. It never has been, and never can be, the law that in such a case both the child and its custodians can be dragged from court to court and subjected to a ceaseless round of discomfort and litigation at the whim of the petitioner. See State ex rel. Lembke v. Bechdel, 37 Minn. 360, 5 Am. St. Rep. 854, 34 N. W. 334, 7 Am. Crim. Rep. 227; Mercein v. People, 25 Wend. 64, 35 Am. Dec. 653; People ex rel. Lawrence v. Brady, 56 N. Y. 182; Freeman, Judgm. § 329. The determination of a court on habeas corpus respecting the custody of children stands upon a different footing than a decision in a case where the writ is used as a writ of liberty. Here its decision is *res judicata,* and precludes the issuance of a second writ upon the same state of facts. 9 Enc. Pl. & Pr. 1070. The district court was not bound to deliver the child into the custody of either claimant, but had the power and the duty to leave it in such custody as its welfare seemed to require. Until some new fact or change of circumstances has occurred which has altered the state of the case or the relative claims of the parties in some material respect, the decision of the district court is conclusive upon a subsequent application for a writ of habeas corpus. Church, Habeas Corpus, § 387; **9 Enc. Pl. & Pr. 1070**; State ex rel.

Lembke v. Bechdel, 37 Minn. 360, 5 Am. St. Rep. 854, 34 N. W. 334, 7 Am. Crim. Rep. 227; Mercein v. People, 25 Wend. 64, 35 Am. Dec. 653; People ex rel. Lawrence v. Brady, 56 N. Y. 182; Freeman, Judgm. § 324. In the case at bar no change of circumstances is shown. The district court not only dismissed the writ, but remanded the child to the custody of the respondent. This it had the power to do, and its action is not, in the absence of a material change of circumstances, subject to review in this or any other court in a subsequent habeas corpus proceeding. In such a class of cases, indeed, the remedy by habeas corpus is of an equitable nature. It is in the welfare of the child, and not in the desires of the claimants, that the law is chiefly interested.

The writ is denied.