## Edenharter, Superintendent, *v.* Connor.

[No. 22,892.     Filed November 29, 1916.]

1. Habeas Corpus.—*Sufficiency of Petition.—Motion to Quash Writ.* —A motion to quash the writ is the proper proceeding to test the sufficiency of a petition for a writ of *habeas corpus.* p. 645.
2. Habeas Corpus.—*Petition.—Sufficiency.—Sanity of Petitioner.— Statute.*—A petition for *habeas corpus* under §3729 Burns 1914, §2868 R. S. 1881, providing that any person committed as insane may apply for a writ of *habeas corpus* for the purpose of deciding his sanity, is insufficient for failure to aver either as a fact, or facts from which the inference can be drawn, that the petitioner was sane at the time of his commitment or at the time of filing his petition for the writ. p. 648.
3. Constitutional Law.—*Constitutionality of Statute.—Sufficiency of Allegation.*—A petition for a writ of *habeas corpus* is insufficient to test the constitutionality of the act or acts under which petitioner was committed as insane where it fails to aver under what law or sections of the statutes he was committed or with what section or sections or article of the Constitution of the United States or of the State of Indiana such law conflicts, since one who alleges the unconstitutionality of a law must at least identify the law referred to and point out the particular provision of the particular constitution violated. p. 648.

From Marion Superior Court (98,653); *Theophilus J. Moll*, Judge

*Habeas corpus* proceeding by Thomas Connor against George F. Edenharter, superintendent of the Central Indiana Hospital for Insane. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Richard M. Milburn*, Attorney-General, *Horace M. Kean, Leslie R. Naftzger, Omer S. Jackson, Michael A. Sweeney* and *Wilbur T. Gruber*, for appellant.

*Keller & Hartman*, for appellee.

ERWIN, J.—On March 10, 1915, appellee was committed to the Central Indiana Hospital for Insane of which appellant was the superintendent. On April 12, 1915, appellee, through his attorneys, filed in the Superior Court of Marion County a petition for a writ of *habeas corpus*, which petition was verified by one Patrick J. Connor. The petition omitting formal parts is in these words to wit: "This petitioner would respectfully represent and show that he was, on the 10th day of March, 1915, unlawfully arrested and committed to the Central Indiana Hospital for Insane, and that he is now unlawfully restrained of his liberty and imprisoned at the Central Indiana Hospital for Insane in Indianapolis, in said county and State, by George F. Edenharter, superintendent of said hospital, upon a pretended charge of insanity, and by authority of a certain commitment issued on the 10th day of March, 1915, and which commitment is void for the following reasons:

"That it was not issued by a court or authority after a due hearing as is provided by law. That said imprisonment is illegal in this: That your petitioner was not served with notice and although physically

able, was not present or permitted to offer a defense to any insanity proceedings against him, therefore he has been deprived of his liberty without due process of law.

"That the statute authorizing his commitment is invalid in this: that it is not so framed as to compel a hearing before judgment and does not guarantee to the person charged an opportunity to be heard in defense, therefore it is in conflict with those provisions of the State and Federal constitutions which forbids that any person be deprived of his life, liberty or property without due process of law.

"Wherefore the petitioner asks that a writ of *habeas corpus* be granted and that he may be discharged from such unlawful restraint and imprisonment."

Upon the filing of said petition the judge of said court ordered a writ to issue, returnable the following day. On April 13, 1915, appellant appeared,

1. by the Attorney-General, and moved to quash the writ, thereby questioning the sufficiency of the petition, which motion to quash, omitting formal parts, is in the words following, towit: "Comes now the defendant herein by Richard M. Milburn, the duly elected, legally qualified and now acting Attorney-General of the State of Indiana, and moves the court to quash the writ herein for the following reasons, towit: 1. That the complaint herein upon its face shows that it is not made, signed and verified by the plaintiff. 2. That the complaint shows upon its face that it was not made, signed and verified by some person in said plaintiff's behalf. 3. That a person declared insane, and under guardianship, cannot, in person or by his next friend, institute an action to inquire into the proceedings declaring him insane. 4. That persons committed as insane may apply to the proper

authorities for a writ of *habeas corpus* to determine the question of their sanity, but they are not given the right to bring a proceeding for any other relief. 5. That the complaint on its face fails to show that the plaintiff, Thomas Connor, is insane and under guardianship, when in truth and in fact, he was, on the 25th day of March, 1914, declared a person of unsound mind and a guardian was appointed for him in the Probate Court of Marion County, Indiana. 6. That the complaint herein on its face fails to show that the said plaintiff, Thomas Connor, is sane and a fit person to be at large, and that his being set at large would not be dangerous to the community. 7. That this court cannot, upon *habeas corpus* inquire into the legality of the judgment, or process, by which the plaintiff herein, Thomas Connor, is held in custody. 8. That this court, upon a writ of *habeas corpus*, has no jurisdiction to inquire into the constitutionality of the law questioned by the plaintiff herein. 9. That the complaint is defective in this, towit: That while it alleges that the plaintiff was physically able to be present at the insanity proceedings held against him, it does not allege that his presence would not have injured him physically or mentally. 10. That the complaint herein is defective in this, towit: That it does not show upon its face that the commitment issued on the 10th day of March, 1915, was void. Said complaint alleges that it is void, but the proper showing is not made." This was the proper proceeding to test the sufficiency of the petition. *McGlennan* v. *Margowski* (1883), 90 Ind. 150; *Milligan* v. *State, ex rel.* (1884), 97 Ind. 355; *Willis* v. *Bayles* (1886), 105 Ind. 363, 5 N. E. 8.

On April 22, 1915, the court overruled appellant's motion to quash the writ, to which ruling appellant duly excepted. On April 24, 1915, appellant filed

his return to the writ, showing that the wife of appellee had filed before a justice of the peace of Marion county a petition to have appellee adjudged insane, and that proceedings were regularly had under §3691 *et seq.* Burns 1914, §3691 *et seq.* R. S. 1881, providing for. admission of patients to the insane hospitals of the State.

To this return appellee filed exceptions which, omitting the formal parts, were as follows, to wit: "Thomas Connor, excepts to the return of the said George F. Edenharter, Superintendent, Central Indiana- Hospital for Insane, herein, for the following reasons: 1. That said return does not show a sufficient cause for the detention of the petitioner as it does not show that he was committed on a valid judgment. 2. That said return does not show that petitioner has been committed to the Central Indiana Hospital for Insane as a dangerously insane person as is provided by Sec. 7879, 7880 and Sec. 7881 of Burns' Revised Statute of 1914, which provides that when an affidavit is filed that any person is insane and dangerous to the community if suffered to remain at large that the justice shall require a trial by jury of six reputable householders or free holders of the county."

These exceptions were overruled. On motion of appellee, over the objections of appellant, the court directed a jury to be called to whom the issues thus formed were submitted, and a verdict returned finding appellee sane. On return of the verdict the court adopted it as his finding and entered a judgment discharging appellee from custody of appellant. The first question presented by the assignment of errors is as to the sufficiency of the complaint to state a cause of action.

It is provided by §3729 Burns 1914, §2868 R. S.

1881, that any person committed as insane may apply for a 'writ of *habeas corpus* for the

2. purpose of deciding his sanity. If the petition in question was for that purpose it is clearly insufficient for the reason that it is nowhere averred, nor are any facts averred from which the inference can be drawn that appellee was sane at the time of his commitment or at the time of the filing of his petition for the writ—a matter that should be pleaded to present that issue. If the action was brought for the purpose of testing the con-

3. stitutionality of the act or acts under which appellee was committed, then the petition is equally defective for the reason that the petition fails to aver under what law or section or sections of the statute appellee was committed or with what section or sections or article of the Constitution of the United States or of the State of Indiana the law conflicts. It nowhere alleges the section of the law pertaining to the control of the insane which is in conflict with the constitution of the State or United States. One who alleges the unconstitutionality of a statute must point out the particular provision of the particular constitution violated. *Levy* v. *State* (1903), 161 Ind. 251, 256, 68 N. E. 172; *Davis* v. *State* (1879), 71 Tenn. 376. It is not enough for the pleader to charge that a law is unconstitutional, but it is essential to the pleading that the particular law which is claimed to be invalid should at least be identified by giving the act, the title of the law, or the section of the statute which is claimed to be invalid. *Rose* v. *State* (1908), 171 Ind. 662, 666, 87 N. E. 103, 17 Ann. Cas. 228.

We have in this State several different sections of the statute dealing with the subject of the insane, either one of which might be referred to by appellee, but none of which are mentioned. Sections 3691

to 3703 Burns 1914 (§2842 *et seq.* R. S. 1881, as amended, Acts 1901 p. 529, Acts 1889 p. 391, Acts 1905 p. 26) make provision for the admission of patients to insane hospitals. Section 3706 Burns 1914, §2855 R. S. 1881, provides for the issuing of a warrant by the clerk of the Circuit Court, directing the apprehension and commitment of patients. Section 3705 Burns 1914, §2854 R. S. 1881, provides that no idiots shall be admitted. Sections 3713 to 3718, Acts 1895 p. 176, provide proceedings for care of insane convicts, while §3721, Acts 1889 p. 392, provides for the transfer of an insane patient from one hospital to another, and that under certain conditions the costs of such transfer shall be paid by the patient so transferred. Sections 3101 to 3111 (§§2545-2555 R. S. 1881, as amended, Acts 1895 p. 205) make provision for the restraint, care and control of dangerously insane persons.

The Attorney-General in the eighth specification of his motion to quash the writ and in his brief challenges the right of appellee to question the constitutionality of the law under which he, appellee, was committed. While it may be doubted whether appellee has that right, we are not called upon to decide that question, for the reason that no particular act is questioned by the petition filed by appellee in this cause. Appellee's petition being insufficient either to try the question of sanity under §3729 Burns 1914, *supra,* or to test the constitutionality of any law, it must follow that the court erred in overruling appellant's motion to quash the writ.

It is therefore ordered that the judgment be reversed with instruction to the court below to grant a new trial and to sustain appellant's motion to quash the writ.

NOTE.—Reported in 114 N. E. 212. Discussion as to due process of law in the commitment of insane persons, 1 Ann. Cas. 733; 13 Ann. Cas. 877; Ann. Cas. 1913C 323; 43 Am. St. 531.