## ADDINGTON ET AL. *v.* RETTER ET AL.

[No. 23,942. Filed March 31, 1922. Rehearing denied June 22, 1922.]

1. HABEAS CORPUS.—*Custody of Minor Child.—Welfare of Child.* —In determining the custody of an infant child, the interests of society and the welfare of the child are matters of paramount consideration, and, notwithstanding §3065 Burns 1914, §2518 R. S. 1881, the court is not bound to award the custody of an infant child to adopting parents, but may, subject to the welfare and best interests of the child, place its care and custody elsewhere. p. 270.

2. HABEAS CORPUS.—*Custody of Minor Child.—Decision of Trial Court.—Conclusiveness.*—In a *habeas corpus* proceeding to determine the custody of a minor child as between paternal grandparents, who had adopted the child, and an aunt and uncle of the child's mother with whom the child had been living, the disposition of the child is within the sound discretion of the trial court, having reference to the welfare and best interests of the child, and where that court, after an

exhaustive investigation of all pertinent facts and circumstances which disclosed that the child would have a good home with either party, awarded the custody of the child to the aunt and uncle, the court on appeal cannot say the trial court abused its discretion in making such award, and its finding will not be disturbed.  p. 273.

3.   APPEAL.— *Review.— Judgment.— Weight of Evidence.*— The court on appeal will not disturb the finding of the trial court on the weight of the evidence.  p. 273.

From Wayne Circuit Court; *William A. Bond,* Judge.

*Habeas corpus* proceedings by Benjamin F. Addington and another against George Retter and another. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Silas A. Canada* and *Gath P. Freeman,* for appellants.

*Fermen C. Focht, Thomas W. Hutchens, Paul A. Beckett* and *Henry U. Johnson,* for appellees.

WILLOUGHBY, J.—This was a *habeas corpus* proceeding by appellants against appellees to obtain possession of an infant child named, Robert L. Addington, about four years old.  A hearing of the cause resulted in a judgment awarding the custody of the child to appellees. The appellants appeal and assign as error that the court erred in overruling their motion for a new trial.  The only specifications of error named in said motion are: 1.   The decision of the court is not sustained by sufficient evidence.  2.   The decision of the court is contrary to law.

Robert L. Addington was at the time of the bringing of this action in the possession of appellees.  The parents of the child were Carl Addington and Vina Addington, his wife, who are both dead.  The father died January 12, 1920, and the mother died January 14, 1920.  On January 30, 1920, the Wayne Circuit Court entered an order adopting the said child to these appellants.  At the time of such adoption the child was living and mak-

ing his home with these appellees in Wayne county, Indiana, and appellees had no knowledge of the entry of said order at the time it was made. The appellee, Rose Retter, is an aunt of the child's mother and the appellee, George Retter, is her husband.

August 20, 1920, appellants went to the home of appellees and requested and demanded the possession of said child, and appellees refused to surrender him to them. The said Robert L. Addington, was born December 16, 1916, and had lived with appellees since October, 1919.

The appellants are the paternal grandparents of said infant, Robert L. Addington, and they adopted said child as their heir at law and they claim that they as such adopting parents are entitled to its possession, control, care, custody, education and training, if they be suitable persons, as against any other person regardless of the fitness or qualification of such other person. They claim that this right is given them by §3065 Burns 1914, §2518 R. S. 1881, which provides that:

"Every guardian so appointed shall have the custody and tuition of such minor, and the management of such minor's estate during minority, unless sooner removed or discharged from such trust: Provided, That the father of such minor (or if there be no father, the mother, if suitable persons respectively) shall have the custody of the person and the control of the education of such minor."

This statute has been in force since May 6, 1853, and is declaratory of the common law. But since the enactment of that statute it has been held that where

1. the welfare of the child is retarded by the custody of the father an exception to that ordinary rule exists. The interests of society and the established policy of the law make the welfare of the child paramount to the claims of a parent. *Hussey* v. *Whiting*

(1896), 145 Ind. 580, 44 N. E. 639, 57 Am. St. 220, and other cases there cited.

Church, Habeas Corpus (2d ed.) §440a says: "While it is the strict legal right of the parents, and those standing in *loco parentis* to have the custody of their infant children, as against strangers, a court will not, on habeas corpus regard this right as controlling, when to do so it would imperil the personal safety, morals, health, or happiness of a child in controversy. * * * And in contests between parents and third persons as to the custody of a child of such parents the opinion is now almost universal that neither of the parties has any rights that can be allowed to seriously militate against the welfare of the infant. The paramount consideration is what is really demanded by its best interests. And the rule is virtually the same in contentions between parents for the possession. The court is not bound to award the custody to either contending party in such controversies, but may, subject to the welfare and best interests of the child, award it to a third party."

"In this country the doctrine is universal that the courts of justice may, in their sound discretion, and when the morals or safety or interests of the children strongly require it, withdraw their custody from the father and confer it upon the mother, or take the children from both parents and place the care and custody of them elsewhere. * * * The tendency of our courts today is to consider more and more the rights of the children when opposed to the legal rights of the parents. The modern view is that the right to create children does not include the right to ill-treat them, that the child has a right to a fair start in life and the parent will not be allowed to keep control of him where unwilling or unable properly to care for his offspring." 1 Schouler, Domestic Relations (6th ed.) §§743, 744.

In the case of *United States* v. *Green* (1824), 3 Mason 482, Fed. Cas. No. 15,256, it was held that a father is not, of course upon a *habeas corpus,* entitled to the custody of his infant child, if brought into court, but the court will exercise its discretion on the subject, and place the infant where it will be most for its benefit. In that case, Justice Story, speaking for the court said: "As to the question of the right of the father to have the custody of his infant child, in a general sense it is true. But this is not on account of any absolute right of the father, but for the benefit of the infant, the law presuming it to be for its interest to be under the nurture and care of his natural protector, both for maintenance and education. When, therefore, the court is asked to lend its aid to put the infant into the custody of the father, and to withdraw him from other persons, it will look into all the circumstances, and ascertain whether it will be for the real, permanent interests of the infant; and if the infant be of sufficient discretion, it will also consult its personal wishes. It will free it from all undue restraint, and endeavour, as far as possible, to administer a conscientious, parental duty with reference to its welfare. It is an entire mistake to suppose the court is at all events bound to deliver over the infant to his father, or that the latter has an absolute vested right in the custody."

In determining the custody of a child his welfare is the paramount consideration. *In re Hickey* (1911), 85 Kans. 556, 118 Pac. 56, 41 L. R. A. (N. S.) 564. As sustaining this principle see, *Joab* v. *Sheets* (1885), 99 Ind. 328; *Jones* v. *Darnell* (1885), 103 Ind. 569, 2 N. E. 229, 53 Am. Rep. 545; *Berkshire* v. *Caley* (1901), 157 Ind. 1, 60 N. E. 696; *Hussey* v. *Whiting, supra; Schleuter* v. *Canatsy* (1897), 148 Ind. 384, 47 N. E. 825; *Shoaf* v. *Livengood* (1909), 172 Ind. 707, 88 N. E. 598; *Sturtevant* v. *State* (1884), 15 Nebr. 459, 19 N. W. 617, 48 Am.

Rep. 349; *Corrie* v. *Corrie* (1880), 42 Mich. 509, 4 N. W. 213; *Gishwiler* v. *Dodez* (1855), 4 Ohio St. 615; *Tytler* v. *Tytler* (1906), 15 Wyo. 319, 89 Pac. 1, 123 Am. St. 1067; *Nugent* v. *Powell* (1893), 4 Wyo. 173, 33 Pac. 23, 20 L. R. A. 199, 62 Am. St. 17; *Knapp* v. *Tolan* (1913), 26 N. D. 23, 142 N. W. 915, 49 L. R. A. (N. S.) 83.

The disposition of a child is within the sound discretion of the trial court, having reference to the welfare and best interests of the child; and where on **2, 3.** *habeas corpus* after a full hearing the court below has awarded custody to the mother, the Supreme Court cannot say, from the written report of conflicting evidence before it, that error was committed. *McKenzie* v. *State, ex rel.* (1881), 80 Ind. 547; *Child* v. *Dodd* (1875), 51 Ind. 484; *Darnell* v. *Mullikin* (1856), 8 Ind. 152; *Mahan* v. *Hendricks* (1912), 181 Ind. 630, 99 N. E. 418; 29 Cyc 1604.

In *Mahan* v. *Hendricks, supra,* which was a *habeas corpus* proceeding by a father for the custody of his infant child, the court said: "The case is a close one upon the evidence, and this court would not have been justified in disturbing a judgment which would have committed the care and custody of the child to the parents of appellant, or that of his sister. In either case the child would probably have been properly cared for and reared, but with the witnesses before it, the court below was in a situation to form a better conclusion as to the welfare of the child, which was the chief consideration, than this court can possibly be, upon so close a case, since there was evidence to support its finding and it clearly appears that the child will be well taken care of and provided for, we are not justified in disturbing the judgment upon the weight of the evidence."

In the instant case the trial court heard many witnesses relative to the claims of the respective parties

to the custody of the infant, Robert L. Addington. The investigation took a wide range. The inquiry went to the extent of investigating the home life of both appellants and appellees, their ages, their wealth, and social standing, and the respective merits of the neighborhood in which they lived and the surroundings and school advantages of the respective neighborhoods; and while it may be said that the evidence shows that the child would have a good home with either, the court upon the whole evidence found that the child should remain with appellees. The court had all the parties and witnesses before it, and hence, had greater facilities for weighing the evidence, and for reaching a safe conclusion as to the proper disposition to be made of the child than we can have with the record only before us. We cannot say that the trial court abused its discretion nor disturb the finding of the court upon the weight of the evidence.

Judgment affirmed.

Travis and Townsend, JJ., concur in the conclusion.