HENDERSON *v.* KLEINMAN

[No. 28,889. Filed January 21, 1953. Rehearing denied March 6, 1953.]

*C. James McLemore* and *J. Barton Stuart,* both of Indianapolis, for appellant.

*Harold Claibourne Mull* and *Hanna & Small,* of Logansport, for appellee.

EMMERT, C. J.—This is an appeal from a judgment for the appellee on a complaint for a writ of habeas

corpus.[1] The assignment of errors alleges the trial court erred (1) "in failing and refusing to give appellant judgment on the pleadings upon proper motion therefor," and (2) "in overruling appellant's motion for a new trial."

On January 20, 1949, the appellant Helen Marie Frick was divorced from her husband, Homer Frederick Frick, by decree of the Superior Court of Marion County, a certified copy thereof being introduced in evidence. This court in its decree awarded the custody of the minor children, Homer, Jr., age seven, and David William, age six, to appellant, and ordered the husband to pay to the clerk of the court the sum of $10.00 each week for the support of the children. Appellant asserts that this decree as to the custody of the children is conclusive on the appellee, with whom appellant had placed the children for care and support prior to the time of divorce, so long as the decree remains unmodified, and that the Cass Circuit Court was without jurisdiction to do more than enforce the decree of the Superior Court of Marion County.

If the action for habeas corpus had been between the parties to the divorce, then the Cass Circuit Court would have been concluded by the judgment of the Superior Court of Marion County. "When a divorce case is tried in an Indiana Court having

---

[1] The material part of the finding, and the judgment are as follows:

"And the Court now finds that the welfare and best interests of said children will be served by allowing them to remain in the home of and under the care and custody of the defendant, Geneva Kleinman."

"It is therefore considered and adjudged that the custody of said Homer Frederick Frick and David William Frick remain with the defendant, Geneva Kleinman, and that she be awarded their custody, all until the further order of this Court."

jurisdiction of the subject matter and parties, and the care and custody of the child or children are fixed in the decree rendered, the decree remains binding upon the parties and the courts until it is set aside or modified for cause shown, in a subsequent or supplemental proceeding in the same cause. *State ex rel. Davis* v. *Achor, Judge* (1947), 225 Ind. 319, 75 N. E. 2d 154, 157. Such decree cannot be modified or set aside by a collateral proceeding of habeas corpus even in the same court that rendered the decree, over the objection of either party. *Leming* v. *Sale* (1891), 128 Ind. 317, 27 N. E. 619; *McDonald* v. *Short* (1921), 190 Ind. 338, 343 et seq., 130 N. E. 536; *Stone* v. *Stone* (1902), 158 Ind. 628, 631, 632, 64 N. E. 86; *Willis* v. *Willis* (1905), 165 Ind. 332, 338, 339, 75 N. E. 655; *Brooke* v. *Logan* (1887), 112 Ind. 183, 186, 13 N. E. 669; *Joab et al.* v. *Sheets* (1884), 99 Ind. 328, 331, 332." *Scott* v. *Scott* (1949), 227 Ind. 396, 402, 86 N. E. 2d 533. See also *McDonald* v. *Short* (1921), 190 Ind. 338, 345, 130 N. E. 536, and authorities therein cited.[2] But in none of the cases holding the parties to a divorce are concluded by the decree as to custody do we find it squarely decided that the decree is binding on third parties not parties to the divorce proceedings. The appellee was not a party to the divorce action nor a party to the decree. Nor were the children parties to that action. *Stone* v. *Duffy* (1914), 219 Mass. 178, 182, 106 N. E.

---

[2] In *Scott* v. *Scott* (1949), 227 Ind. 396, 86 N. E. 2d 533, we held that a decree of another state fixing custody of the children of the parties was not conclusive upon courts of this state when the issue of custody was raised by complaint for a writ of habeas corpus, and that the full faith and credit clause of the Federal Constitution did not prohibit the courts of this state from making their own adjudication on custody as affected by a change of conditions subsequent to the divorce decree. See also *White* v. *White* (1938), 214 Ind. 405, 15 N. E. 2d 86.

595. The judgment fixing the custody of the children in appellant was not a judgment *in rem*, and therefore was not binding upon the appellee. *Matter of DeSaulles* (1917), 101 Misc. 447, 458, 459, 167 N. Y. S. 445. If the decree of divorce had placed the custody of the children with appellee a different question would have been presented.

But under the facts in this appeal we can see no reason for deciding as a matter of judicial policy that, in view of the paramount interest in the welfare of the children, we should decide that the appellee should be compelled to litigate the welfare of the children by intervening in the divorce proceeding, and filing a petition to modify the decree as to custody.[3] When the trial court acquired jurisdiction of the children by virtue of the writ it had full and complete authority to award their custody as between the parties, as their welfare and best interests required. *Johnson* v. *Smith* (1931), 203 Ind. 214, 176 N. E. 705.[3a]

Where a writ of habeas corpus for children issues to obtain jurisdiction of the children, like the case now before us, "where the freedom of children is only technically involved, the writ is allowed, not merely to determine legal rights of custody as between applicants therefor, but to accomplish the best interests of the infants, and hence distinguishable from

---

[3] Where parents to the divorce decree become unfit for the trust imposed in them by the court, interested third persons by petition may intervene in behalf of the children. *Stone* v. *Duffy* (1914), 219 Mass. 178, 181, 106 N. E. 595.

[3a] When the Cass Circuit Court entered its final judgment, it did not retain continuing jurisdiction thereafter to modify its judgment as to the custody of the children. *Armstrong* v. *Vancil* (1942), 169 Ore. 320, 128 P. 2d 951; *Gray* v. *Gray* (1920), 121 Miss. 541, 83 So. 726; *In re Winn* (1936), 48 Ariz. 529, 63 P. 2d 198.

cases involving unlawful imprisonment under color or claim of warrant of law. *New York Foundling Hospital* v. *Gatti* (1906), 203 U. S. 429, 27 Sup. Ct. 53, 51 L. Ed. 254; *State, ex rel Evangelical, etc, Society* v. *White* (1913), 123 Minn. 508, [144 N. W. 157] ; *Knapp* v. *Tolan* (1915), 26 N. D. 23, 142 N. W. 915, 49 L. R. A. (N. S.) 83; *State* v. *Bechdel, supra." McDonald* v. *Short* (1921), 190 Ind. 338, 343, 130 N E. 536, *supra.* The paramount interest is the welfare of the children. *Johnson* v. *Smith* (1931), 203 Ind. 214, 176 N. E. 705, *supra; Thornton* v. *Devaney* (1944), 223 Ind. 47, 57 N. E. 2d 579; *Brown* v. *Beachler* (1946), 224 Ind. 477, 68 N. E. 2d 915.

Appellant filed a reply to the appellee's return to the writ. Thereafter appellant filed a motion for judgment in her favor on the pleadings, which motion was overruled. By her return appellant brought the children under the jurisdiction of the court and raised the issue of the welfare of the children and the fitness of both parties seeking custody. The Cass Circuit Court had jurisdiction to act for the best welfare of the children, and it was not limited as to its jurisdiction or inquiry by the technical sufficiency of the return. *Johnson* v. *Smith* (1931), 203 Ind. 214, 219, 176 N. E. 705, *supra.* By the return, the children were "in the custody of the court, subject to its disposition, uncontrolled by the averments of the return. *Bullock* v. *Robertson* (1902), 160 Ind. 521, [65 N. E. 5] ; *Glansman* v. *Ledbetter* (1921), 190 Ind. 505, 130 N. E. 230; *Buck, Gdn.* v. *Squires* (1924), 194 Ind. 112, 142 N. E. 7." *Mesmer* v. *Egland* (1926), 197 Ind. 700, 702, 151 N. E. 826. The motion for judgment on the pleadings was properly overruled.

On appeal we presume the record of the trial court is free from harmful error. *Johnson* v. *Smith* (1931),

203 Ind. 214, 221, 176 N. E. 705, *supra*. If there ■ is evidence to support the finding in a habeas corpus proceeding we will not disturb the judgment. *Mahan* v. *Hendricks* (1912), 181 Ind. 630, 99 N. E. 418. It is only when there has been a clear abuse of discretion by the trial court that the judgment will be set aside. *Thornton* v. *Devaney* (1944), 223 Ind. 47, 57 N. E. 2d 579, *supra*. We have carefully examined the entire record in order to satisfy ourselves that the welfare of the children was adequately protected.

Appellant and Homer F. Frick were married in 1938, and had four children, Sharon Marie, Ronald, now the adopted children of the father's brother and sister-in-law, and Homer F. Frick, Jr. and David William Frick who are the children involved in this controversy. It is difficult for mere words to detail the full picture of the tragic neglect suffered by the small children when in appellant's care. In 1941 the father had furnished the home with new furniture. He was with the armed forces during the war, and when he returned from the service in November, 1945, there was no mattress on the beds for the children and no fuel in the home. There was a hole in the wall of the house, plaster and paper had been torn off, and there were some dead dogs on the back porch. The father bought coal and $160 worth of clothes for the children.

The father and mother were having domestic difficulties and he commenced a divorce action in Cass County, which he later dismissed, but while it was pending he paid $16 a week for the support of the children, and this payment continued until appellant no longer had the children.

At the request of appellant, appellee took custody of Homer, Jr. on April 21, 1946, and David William on June 2, 1946, after appellant had orally agreed they

could be adopted by appellee. After the children had been in the home of appellee, appellant executed her consent to their adoption, but appellee did not complete the adoption and in June, 1950, appellant withdrew her consent.

At the time appellee took the children, appellant's home was dirty and unkempt. A davenport in the living room had been partially destroyed. The children were dirty, undernourished and had rickets. They were about the house half clothed, or naked. Homer had been burned with lye, and this injury was not being bandaged properly. Appellee secured clothes for them from some of her friends.

After appellant had placed these children with appellee, and the other brother and sister with the Fricks, she moved to Indianapolis where she resided with her father. The same day she was divorced she remarried. She now lives in a two room apartment in an industrial neighborhood of Indianapolis. There is no near place suitable for children to play. Appellant's rooms are dirty and in disorder. The record discloses nothing as to the suitability of appellant's present husband to be a good foster parent.

The evidence is uncontradicted that appellee has given good care and training for the children. They are well behaved, in good health, attend common school which is near their home, and receive proper religious training every week. They have a good yard in which to play and visit with their other brother and sister.

The evidence amply sustains the trial court's finding. The motion for new trial was properly overruled. Judgment affirmed.

NOTE.—Reported in 109 N. E. 2d 905.