RICHARDS ET UX. *v.* CAYSINGER.

[No. 31,082. Filed March 4, 1968.]

*Lloyd Whitmer,* of Tell City and *Theodore Lockyear,* of Evansville, for appellants.

LEWIS, C. J.—This is an appeal from the Trial Court's order sustaining appellee's motion for a new trial. Appellee

and his wife were divorced; appellee, the natural father, was awarded custody of his son, the child involved in this action.

On October 16, 1965, the Perry Circuit Court issued an order of adoption granting the petition filed by the appellants (the maternal grandparents), thereby making them the adoptive parents of said child.

On January 27, 1966, appellee filed a complaint for Writ of Habeas Corpus wherein he alleged that he was the natural parent of the child and was entitled to custody by right of a divorce decree. He attacks the adoption proceedings in his reply to appellants' return on the grounds that the adoption proceedings were false, fraudulent; that he had no notice; that he did not consent; and that he had not abandoned the child.

After the trial, the Court, on June 4, 1966, rendered judgment denying the appellee custody of the child and upheld the validity of the adoption. As a result, appellee filed a motion for a new trial. This motion was sustained by the Trial Court for the reason as set out in its Nunc Pro Tunc Entry, the pertinent part of which reads as follows:

". . . that error of law occurred at the trial in that the Court heard evidence only on the issue as to the validity of the adoption proceedings and did not permit or hear evidence on the distinct issue as to the custody of the child herein as raised by plaintiff's complaint."

On appeal, appellants raise two errors:

1. That the Trial Court erred in sustaining appellee's motion for new trial.
2. That the Trial Court erred in granting a new trial as to all issues, but should have limited it to the separate and distinct issue of custody only.

At trial, the appellants unquestionably proved that their adoption of the child was valid.

"On appeal we presume the record of the trial court is free from harmful error. *Johnson* v. *Smith* (1931), 203 Ind.

214, 221, 176 N. E. 705 *supra.* If there is evidence to support the finding in a habeas corpus proceeding we will not disturb the judgment. *Mahan* v. *Hendricks,* (1912), 181 Ind. 630, 99 N. E. 418. It is only when there has been clear abuse of discretion by the trial court that the judgment will be set aside. *Thornton* v. *Devany* (1944), 223 Ind. 47, 57 N. E. 2d 579, *supra.* . . ." *Henderson* v. *Kleinman* (1953), 231 Ind. 657, 109 N. E. 2d 905.

The Trial Court made a finding as to the validity of the adoption proceedings. Subsequent to this, it sustained the appellee's motion for a new trial, but only for the reason as expressly set out by it in its Nunc Pro Tunc Entry, *supra.*

Once the adoption itself has been adjudged valid in a proper court of law, a natural parent may not be allowed to commence an action for custody in the absence of new circumstances permitting such.

*In re Bryant's Adoption* v. *Kurtz et al.* (1963), 134 Ind. App. 480, 189 N. E. 2d 593, reads, in part, as follows:

". . . For all legal and practical purposes a child is the same as dead to its parents. The parent has lost the right to ever see said child again or to have any real knowledge of its whereabouts. . . ."

". . . Custody may be awarded for a temporary duration but a decree of adoption severs forever every part of the parent and child relationship; severs the child entirely from its own family tree and engrafts it upon that of another. . . ."

Therefore, we conclude that when the Court made its finding as to the validity of the adoption proceedings under a direct attack for fraud, lack of notice and consent, the question of custody was not in issue. The natural father had no rights remaining to the child and, therefore, trial on the separate and distinct issue of custody would be meaningless.

The ruling of the Trial Court in granting the motion for a new trial is reversed and the Court is instructed to enter a proper order denying the Writ of Habeas Corpus.

Arterburn, Hunter and Mote, JJ., concur.

Jackson, J., dissents.

NOTE.—Reported in 234 N. E. 2d 499.