Steven F. STICKLER, Personal Representative of the Estate of Revonda Ann Stickler, Defendant-Appellant,

v.

Gregory MACK, Plaintiff-Appellee.

No. 1–684A150.

Court of Appeals of Indiana,
First District.

Jan. 23, 1985.

Thomas V. Easterday, Randolph A. Leerkamp, Lawrence, Carter, Gresk, Leerkamp & Walsh, Indianapolis, for defendant-appellant.

Frederick N. Kopec, Hostetter & Kopec, Brownsburg, William E. Beck, II, Martin & Beck, Kokomo, for plaintiff-appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

This action is an interlocutory appeal of the trial court's denial of Steven Stickler's (Steven) motion for summary judgment. The cause originated as a wrongful death

action brought by the natural father (Gregory Mack) of a deceased minor child.

We reverse.

## STATEMENT OF THE FACTS

On October 13, 1983, Stephanie Caro Ann Stickler, an unemancipated minor, died in an automobile accident near Chattanooga, Tennessee. At the time of the accident, she was a passenger in an automobile driven by her mother, Revonda Ann Stickler. Revonda had legal custody of Stephanie since August 4, 1981. Revonda was divorced from Gregory Mack, the natural father of Stephanie on February 13, 1974. Stephanie was adopted by Steven, Revonda's husband, on December 21, 1981.

This wrongful death action was filed by Mack, who alleges that he was the legal custodian, natural father and surviving parent of Stephanie. He seeks damages for the wrongful death of Stephanie from the estate of Revonda Ann Stickler.

Steven, personal representative of the estate of Revonda Ann Stickler, filed a motion for summary judgment on the ground that Gregory Mack had no standing or capacity to bring this wrongful death action since Mack's parental rights terminated when Stephanie was adopted by Steven. Attached to the motion was a certified copy of the decree of adoption showing that Stephanie was legally adopted by Steven on December 21, 1981, and that custody of Stephanie had been given to Revonda on August 4, 1981; a copy of the original Letters of Administration showing that Steven F. Stickler was duly appointed as administrator of the estate of Stephanie; and a certified copy of the certificate of death for Revonda.

Mack filed a brief in opposition to defendant's motion for summary judgment in which he argued that the adoption decree was void. Filed simultaneously with the brief were three affidavits. The affidavit of Lois Ann Ellis, the mother of Revonda, states, in part, that Gregory was incarcerated in the Indiana Reformatory from April, 1980 through June, 1983, and Revonda knew of this incarceration. Gregory's affidavit states, in part, that he was the natural father of Stephanie, that he was divorced from Revonda and granted custody of Stephanie on February 8, 1974, that he was incarcerated in the Indiana Reformatory from April, 1980 through June, 1983, that Revonda and Steven knew Mack's incarceration, that he had never received notice of the adoption proceedings for Stephanie, and that he had not deserted or abandoned his daughter. The affidavit of Warren Clifford Ellis, Revonda's stepfather, is identical to the affidavit of Lois Ann Ellis.

On January 30, 1984, the trial court denied Steven's motion for summary judgment. Subsequently, the trial court denied Steven's motion to reconsider, but granted his motion to certify standing issue for interlocutory appeal.

## ISSUES

Steven raises the following issues:

I. Whether the trial court erred in denying Steven's motion for summary judgment.

A. Whether Mack possesses the requisite standing or capacity to bring this wrongful death action.

B. Whether Mack can collaterally attack the adoption decree in this wrongful death action.

We will discuss the latter sub-issue first.

## DISCUSSION AND DECISION

Summary judgment may be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, show that there was no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Pike County v. State, ex rel. Hardin,* (1984) Ind.App., 469 N.E.2d 1188.

I. *Collateral Attack.*

Steven commences his argument by setting down the time-worn rule concerning void or voidable judgments:

"The rule is clear and of long standing that a judgment must be absolutely void on its face in order to be subject to a collateral attack."

*Brindle v. Anglin,* (1973) 156 Ind.App. 219, 232, 295 N.E.2d 860.

A relatively recent decision concerning the issue of whether a collateral attack may be maintained against a decree of adoption is *Aramovich v. Doles,* (1964) 244 Ind. 658, 195 N.E.2d 481. The facts of *Aramovich* are quite similar to the instant case.

In *Aramovich,* the appellant, a 40-year old woman, adopted at age 5, brought an action to adjudge void the adoption decree so as to bring proceedings to share in the estate of her natural father. She relied upon the contention that her natural father did not consent to the adoption and therefore, it was void and could be collaterally attacked. The Indiana Supreme Court stated the issue before it in the following way: "[m]ay we, in this collateral proceeding, go behind that judgment and determine whether or not all the facts existed with reference to the consent or non-consent of the father, upon which that court at the time could have entered the judgment of adoption?" *Aramovich, supra,* at 663, 195 N.E.2d 481. The court noted that there was evidence which led one to infer that the father's written consent was not filed.

Citing several authorities, the *Aramovich* court noted that a judgment of a court of general jurisdiction may not be impeached by evidence outside the record in a collateral attack.

■ "Only in a *direct attack* to vacate and set aside such judgment for fraud or other defects may evidence dehors the record be brought in to impeach such a judgment." *Id.* at 666, 195 N.E.2d 481. Unless the lack of jurisdiction appears affirmatively on the face of the record, the judgment of adoption may not be collaterally attacked. *Id.*

Mack contends that the present case is removed from the conclusion dictated by *Aramovich's* holding because of the existence of the issue of fraud. Apparently, the contents of the three affidavits submitted with Mack's brief constitute his proof of fraud. The decree of adoption, entered December 21, 1981, contains the finding that "since the divorce, the natural father has not seen, supported or communicated with said child for over a one-year period prior to the date of the filing of this petition ... and that the whereabouts of said natural father were unknown". Further, the petition contains a recital that two affidavits of diligent inquiry were filed with the trial court and that notice of the adoption proceedings was perfected on the natural father by publication. On its face, the adoption decree complies with IND. CODE 31–3–1–1 *et seq,* governing the adoption procedure.

■ Two years elapsed between Stephanie's adoption and her untimely death, two years in which Mack could have made inquiry into his daughter's whereabouts, discovered her adoption, and proceeded to directly attack the decree on the grounds of fraud and lack of notice.

We believe the *Aramovich* holding applies to the instant case. Mack may not use the wrongful death action to collaterally attack the adoption decree.

II. *Standing.*

■ Steven correctly asserts that Mack does not possess the requisite standing or capacity to prosecute this wrongful death action.

IND. CODE 34–1–1–8 states:
"The father and mother jointly, or either of them by naming the other parent as a co-defendant to answer as to his or her interest, or in case of divorce or dissolution of marriage the person to whom custody of the child was awarded, may maintain an action for the injury or death of a child; and a guardian may maintain such action for the injury or death of his ward; in case of death of the person to whom custody of the child was awarded, a guardian shall be appointed to maintain an action for the injury or death of his ward. But when the action is brought

by the guardian for an injury to his ward, the damages shall inure to the benefit of his ward."

Further, IND. CODE 31–3–1–9 provides that the biological parents of an adopted person are relieved of all legal duties and obligations of parenthood once the adoption is finalized and are divested of all rights with respect to the adopted person. An adoption decree severs the relationship between the natural parent and the adopted child. *Richards v. Caysinger,* (1968) 249 Ind. 671, 234 N.E.2d 499.

Stephanie was adopted by Steven on December 21, 1981. Revonda had been awarded custody of her daughter on August 4, 1981. Revonda and Stephanie were killed in an automobile accident approximately two years later. Steven, Stephanie's father, is the only party who may maintain the wrongful death action according to IND. CODE 34–1–1–8.

The trial court erred in denying Steven's motion for summary judgment.

Judgment reversed.

RATLIFF, P.J., and ROBERTSON, J., concur.